IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **MAY SHING,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. SAG-24-00990 |
| | * | |
| **HOWARD COUNTY DEPARTMENT** | * | |
| **OF TAXATION & ASSESSMENTS.,** *et al.,* | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

Plaintiff May Shing ("Plaintiff"), who is self-represented, filed a complaint and motion for preliminary injunctive relief against the Howard County Department of Taxation and Assessments and Rafiu Ighile (collectively "Defendants"), alleging violations of the Americans with Disabilities Act ("ADA") and the Developmental Disabilities and Bill of Rights Act of 2000 ("DDABRA"). ECF 1, 5. In response, Defendants filed a motion to dismiss, ECF 11. Plaintiff requested two lengthy extensions of time to respond to the potentially dispositive motion, which this Court granted. ECF 13, 14, 16, 17. However, the last deadline has now expired and no response has been filed. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Defendants' motion to dismiss will be granted and Plaintiff's complaint will be dismissed without prejudice.

### I.  FACTUAL BACKGROUND

While technically only the allegations made in Plaintiff's complaint can be considered when evaluating a motion to dismiss, this Court has derived the following facts pertinent to Plaintiff's claims from her complaint, her motion for preliminary injunctive relief, and its attachments, ECF 1 and 5. This Court assumes all such facts to be true for purposes of this motion.

On May 30, 2023, Defendant Rafiu Ighile, the Howard County Director of Finance, "illegally assessed an inflated Property tax rate." ECF 5 at 6. Plaintiff asks that Defendants "grant the tax waiver." ECF 5 at 7. Plaintiff has attached a number of exhibits to her motion seeking injunctive relief, specifically billing statements showing treatment for unspecified medical conditions for herself and her daughter, along with some other exhibits pertaining to their finances. ECF 1 Exhibits.

## II.     LEGAL STANDARDS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). Here, Defendants cite two rules as bases for dismissal: Rules 12(b)(1) and 12(b)(6). Rule 12(b)(1) governs situations where the Court lacks subject matter jurisdiction. *See Khoury v. Meserve*, 628 F. Supp. 2d 600, 606 (D. Md. 2003), aff'd, 85 F. App'x 960 (4th Cir. 2004). Under that rule, the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. E. W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Thus, the court may properly grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)).

A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can

be granted." Fed. R. Civ. P. 12(b)(6). Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Id. 8(a)(2). The purpose of the rule is to provide the defendant with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But if a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555.

Because Plaintiff is self-represented, her pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), aff'd, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), aff'd 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775

3

F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

## III. ANALYSIS

Defendants assert that Plaintiff's Complaint must be dismissed for four reasons: an incorrect governmental defendant name, a failure to specify whether the individual defendant is sued in his official or personal capacity, a lack of subject matter jurisdiction, and a failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). While this Court disagrees that Plaintiff's complaint suffers from a jurisdictional deficiency, it agrees that Plaintiff has failed to state a plausible federal claim pursuant to Rule 12(b)(6).[1] Her complaint must therefore be dismissed.

Plaintiff cursorily alleges that Defendants violated "prohibitions on causing undue hardship to a Disabled Individual in violation of Americans with Disabilities Act and DD & Bill of Rights Act of 2000." ECF 5 at 4. Neither of those federal statutes contains a "prohibition on causing undue hardship to a disabled individual." Plaintiff's complaint contains no facts explaining the nature of her disability, the details of the tax assessment she challenges, the precise actions taken by either named Defendant, or the nature of the tax waiver she seeks as a remedy. She also has not explained how the failure to grant the requested tax waiver violated either of the federal statutes she cites. Her complaint therefore falls far short of the requirements of Rule 8(a)(2) and *Twombly* and it must be dismissed without prejudice.

---

[1] Plaintiff asserts claims under two federal statutes, which this Court finds sufficient to bring her claims within this Court's federal question jurisdiction. 28 U.S.C. § 1331. The fact that she has not adequately pled facts to state either claim calls for resolution under Rule 12(b)(6), not Rule 12(b)(1).

## IV. CONCLUSION

For the reasons set forth above, Defendants' unopposed Motion to Dismiss, ECF 11, is granted and Plaintiff's Motion for Preliminary Injunction, ECF 1, is denied. Plaintiff's claims will be dismissed without prejudice.[2] This case will be closed. A separate Order follows.

Dated: January 16, 2025

                                                                           /s/
                                                         Stephanie A. Gallagher
                                                        United States District Judge

---

[2] Because dismissal is warranted on the grounds set forth herein, this Court does not reach Defendants' arguments that the suit should have been brought against "Howard County, Maryland" and not the "Howard County Department of Taxation and Assessments" or that the suit against Defendant Ighile must be dismissed because he is being sued in his official capacity. Should Plaintiff seek leave to file an amended complaint to rectify the shortcomings identified in this opinion, she should ensure that the appropriate governmental defendant is named and that she specifies the capacity in which any individual defendant is being sued.